UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSE BARRAGAN JIMENEZ,<br><br>Petitioner(s),<br>v.<br><br>ANDRE QUINONES, et al.,<br><br>Respondent(s). | CASE NO. C26-4370-KKE<br><br>ORDER GRANTING UNOPPOSED HABEAS PETITION |

Petitioner has been detained since June 2026, and this Court has granted two prior immigration habeas petitions, twice ordering that Petitioner be provided with a constitutionally sufficient bond hearing. Dkt. No. 1 ¶¶ 5, 9–10. After his second Court-ordered bond hearing, where Petitioner was again denied bond, Petitioner filed a third petition for a writ of habeas corpus under 28 U.SC. § 2241. Dkt. No. 1. His petition argues that the immigration judge abused his discretion in denying bond, thereby denying Petitioner's constitutional right to due process. *Id.* ¶¶ 59–69. Petitioner requests release from detention. *Id*. at 19.

The Court issued a scheduling order instructing Respondents (collectively "the Government") to "show cause why the writ of habeas corpus should not be granted[.]" Dkt. No. 3 at 1. The Government filed an "abbreviated return" requesting "that this Court decide whether a writ should be granted based on the Petition and related filings." Dkt. No. 7.

"In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal ... we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified).

Here, Petitioner argues that the immigration judge's failure to discuss evidence relevant to the finding that Petitioner is a danger to the community was an abuse of discretion. *See* Dkt. No. 1 ¶¶ 59–69. This argument has been accepted by numerous courts in this Circuit, including this one. *See, e.g.*, *Vasquez Lopez v. Hernandez*, 830 F. Supp. 3d 1097, 1103 (W.D. Wash. 2026) ("The Court is left to speculate concerning how the [IJ] viewed the evidence in light of the applicable factors. The Court must conclude that the [IJ] failed to do so, which constitutes an abuse of discretion."). And although the Government has full access to the relevant facts concerning Petitioner's detention, it has offered no factual or legal basis to rebut his petition. Under these circumstances, "the Court is not duty-bound to go find a reason for them—indeed the party presentation principle requires it to do the opposite." *Charles Alexander Ponzon Deroy v. Warden*, No. 5:26-CV-05972-BFM, 2026 WL 3132157, at *2 (C.D. Cal. Oct. 19, 2026). And the Government's election not to oppose the petition constitutes forfeiture of the arguments it *could* have made. *Id.* (citing *Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised.")). Because the Government has declined to present a defense in this case, the Court construes the habeas petition as intentionally unopposed and finds that the Government has waived any challenge to the arguments raised in the petition. *See Carrillo*

*v. Mullin*, No. 5:26-cv-05229-SK, 2026 WL 2815883 (C.D. Cal. Sep. 18, 2026). As many other courts have found in such circumstances, the petition should be granted based on the Government's "failure to oppose the primary relief sought." *Ponzon Deroy*, 2026 WL 3132157, at *2; *see also id.* ("As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted.").

In sum, the Government has failed to meet its burden to show cause why the writ of habeas corpus should not be granted. The Court therefore GRANTS the unopposed petition (Dkt. No. 1) and ORDERS that Petitioner shall be released from detention no later than November 20, 2026. The Government shall file a status report no later than November 25, 2026, confirming Petitioner's release in compliance with this order.

Dated this 19th day of November, 2026.

Kymberly K. Evanson
United States District Judge